**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:  Steven J. Bushinsky, Esquire
     W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES of the REFRIGERATION, AIR CONDITIONING & SERVICE DIVISION (UA-NJ) PENSION FUND, WELFARE FUND, ANNUITY FUND and EDUCATION FUND for and on behalf of themselves and said funds, <br><br> *Plaintiffs*, <br><br> v. <br><br> CORE MECHANICAL INC., <br><br> *Defendant.* | Civil Action No.: <br><br><br><br><br><br> **COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

**JURISDICTION AND VENUE**

1.  This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the LMRA, 29 U.S.C. §185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plan is administered, and the breach took place, in the District of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Refrigeration, Air Conditioning & Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund ("Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §1002(37) and §1145.

6. The Funds qualify to commence this action, and are further authorized to sue in their own names, pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Trustees are "fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the collection of contributions due to the Funds.

8. The Funds maintain their principal place of business at 830 Bear Tavern Road, 2nd Floor, West Trenton, NJ 08628.

9. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, Core Mechanical Inc., is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

11. Upon information and belief, Core Mechanical Inc.'s principal place of business is located at 7905 Browning Road, Ste-110, Pennsauken, New Jersey 07652.

12. Upon information and belief, Core Mechanical Inc., conducts or has conducted business in the State of New Jersey.

## COUNT ONE

13. The Funds incorporate the allegations in Paragraphs 1 through 12 of this Complaint as if set forth herein in their entirety.

14. At all times relevant hereto, Core Mechanical Inc. was a party to or agreed to abide by the terms and conditions of an Inside Agreement with one or more local labor unions or district councils affiliated with the Refrigeration, Air Conditioning & Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada ("Union").

15. At all times relevant hereto, Core Mechanical Inc. agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds, as well as the Policy for Collection of Fringe Benefit Contributions ("Policy"). The Trust Agreements and the Policy set forth the rules and regulations with respect to participation in, and administration of, the Funds.

16. The Inside Agreement to which Defendant is bound requires that the company post a surety bond with the Funds as obligees or a cash deposit of $128,000.00 to secure Defendant's obligation to make payments to the Funds.

17. The Funds' Trust Agreement contains provisions which require Defendant to provide the Funds with a form of surety bond or other type of security guaranteeing their obligations to make payments to the Plaintiff Funds for welfare, pension and other benefits for the employees of the Defendant. The terms and conditions of the surety bond, security or other form of guaranty must be satisfactory to the Trustees or their designee(s).

18. In accordance with the Trust Agreement, Plaintiffs, on several occasions prior to the commencement of this cause of action, demanded that Defendant post a surety bond, cash bond or equivalent and that said surety bond be provided with Plaintiffs as obligees to protect the interest of Plaintiffs' participants and beneficiaries.

19. Plaintiff Funds gave Defendant written notices of their demand that Defendant being in breach of the surety bond requirement, post a surety bond, cash bond or equivalent in a sum as required by the Trust Agreement.

20. Defendant has failed and refused to comply with the Funds demand despite being obligated to do so pursuant to the terms and conditions of the

Agreement between the Union and Defendant and therefore breached the Agreement.

21. The Funds are third party beneficiaries of the Inside Agreement between the Union and Defendant.

22. Plaintiff Funds will suffer irreparable injury and harm from Defendant's breach of the Inside Agreement as set forth above in that the Funds' ability to ensure collection of required employer contributions to the Funds is jeopardized by Defendant's failure to post the required surety bond, cash bond or equivalent with Plaintiffs as obligees.

23. Plaintiff Funds will suffer irreparable injury and harm from Defendant's breach of the Inside Agreement as set forth above in that the Funds' ability to purchase and provide benefits to its participants and beneficiaries will be jeopardized if the Funds cannot secure payment of Defendant's obligations which will result from Defendant's failure to post the required surety bond, cash bond or equivalent with Plaintiffs as obliges.

24. The Funds will suffer irreparable injury and harm from Defendant's breach of the Inside Agreement as set forth above in that the Funds will lose investment opportunities which would benefit the Funds' participants and beneficiaries as a result of Defendant's failure and refusal to post the required surety

bond, cash bond or equivalent with Plaintiffs as obligees thereby depriving the Funds from securing payments that Defendant is obligated to make to the Funds.

25. The relief sought by the Funds against Defendant will not harm Defendant to a greater extent than that which the Funds will suffer if the relief sought by them is not granted as the Funds seek to enforce their rights under a clear and unambiguous contract provision.

26. The public interest is best served by granting the Funds the relief sought against Defendant.

27. The Funds are without adequate remedy at law and therefore are entitled to equitable relief against Defendant.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) For a preliminary injunction enjoining Defendant Core Mechanical Inc. from violating the terms of the Inside Agreement as to the Funds and ordering Defendant to post a surety bond, cash bond or equivalent in a principal sum of $128,000.00 with Plaintiffs as obligees;

(B) Order Defendant Core Mechanical Inc. to specifically perform all obligations to the Funds under the Inside Agreement;

(C) Order Defendant Core Mechanical Inc. to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(D) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____
Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire
O'Brien, Belland & Bushinsky, LLC
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/856-795-2182
sbushinsky@obbblaw.com

Dated: January 24, 2018